IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR FLAGLER COUNTY, FLORIDA

ROBERT ORTIZ AND DAUVONIQUE TISBY,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　CASE NO: 2019 CA 000166

MASTERCRAFTFC, LLC,
a Florida Limited Liability Company, and
MASTERCRAFT FLOOR COVERING, INC.,
a foreign profit corporation,

    Defendants.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs by and through undersigned counsel, file this Complaint against Defendants ("Defendants") and state as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs were non-exempt employee who primarily performed manual labor and flooring installation functions for Defendant.

3. Defendant MASTERCRAFTFC, LLC, is a Florida Limited Liability Company that hired Plaintiffs in Flagler County Florida, and who, at all times relevant, conducted business in Flagler County, Florida.

4. Defendant MASTERCRAFT FLOOR COVERING, INC., is a foreign

1

profit corporation that hired Plaintiffs in Flagler County Florida, and who, at all times relevant, conducted business in Flagler County, Florida.

5. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out under federal law, and occurred in Flagler County, Florida.

6. Plaintiffs are seeking in excess of $15,000.00, inclusive of attorneys' fees and costs.

## FLSA COVERAGE

7. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiffs were "employees" within the meaning of the FLSA.

9. At all times material hereto, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

10. At all times material hereto, Defendants were and continue to be, "enterprises engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

12. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants in that Defendants could not operate its business without laborer employees like Plaintiffs.

## **FACTUAL ALLEGATIONS**

13. Plaintiffs worked for Defendants during the operative FLSA limitations period.

14. Defendants misclassified Plaintiffs as independent contractors when, the true nature of Plaintiffs' job duties and responsibilities were of a non-exempt production-based employees.

15. Throughout Plaintiffs' employment, Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week.

16. Defendants failed to pay Plaintiffs full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

17. Plaintiffs should have been compensated at the rate of one and one-half times Plaintiffs' regular rate for all hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

18. Defendants violated Title 29 U.S.C. §207 in that:

(a) Plaintiffs worked in excess of forty (40) hours in one or more workweeks for their period of employment with Defendants;

(b) No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendants failed to maintain proper time records as mandated by the FLSA.

19. Prior to Plaintiffs' employment, Defendants did not consult with an attorney to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

20. Prior to Plaintiffs' employment, Defendants did not consult with the DOL to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

21. Prior to Plaintiffs' employment, Defendants did not consult with an accountant to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

22. Based on the allegations in Paragraphs 19-21 above, Plaintiffs are entitled to liquidated damages as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

23. Plaintiffs have retained the law firm of RICHARD CELLER LEGAL, P.A. to represent them in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

24. Plaintiffs reincorporate and re-allege paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

26. During Plaintiffs' employment with Defendants, Plaintiffs regularly worked overtime hours, but were not paid full and proper time and one-half compensation for all hours worked.

27. Plaintiffs are not exempt employees as defined by the FLSA.

28. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against Defendants, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiffs overtime compensation in the amount due to them for time worked in excess of forty (40) hours per work week;

c. Award Plaintiffs liquidated damages in an amount equal to the overtime award;

d. Award Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiffs pre-judgment interest and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 11th day of March 2019.

>Respectfully Submitted,
>
>By: /s/ **NOAH STORCH**
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A
>10368 W. State Road 84, Ste 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: noah@floridaovertimelawyer.com
>
>*Attorneys for Plaintiff*