UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ORTIZ and
DAUVONIQUE TISBY,

        Plaintiffs,

v.                               CASE NO. 3:19-cv-411-J-32JBT

MASTERCRAFTFC, LLC,
etc., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit With Prejudice ("Motion") (Doc. 11) and their Joint Supplemental Memorandum in support thereof (Doc. 13).   The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 10.)  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Settlement Agreements and FLSA Releases ("Agreements") (Doc.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

11 at 6–20) be **APPROVED**, and this action be **DISMISSED with prejudice**.

## I.     Background

Plaintiffs filed the instant action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") (Doc. 3). According to the Complaint, Plaintiffs were employed by Defendants as non-exempt workers who performed manual labor and flooring installation during the relevant time period.  (*Id.* at 1.)   However, Defendants missclassified Plaintiffs as independent contractors.  (*Id.* at 3.)  Plaintiffs regularly worked in excess of forty hours per week, and Defendants failed to pay them one and one-half times their regular rates of pay for the overtime hours worked, in violation of the FLSA.  (*Id.* at 3, 5.)  Plaintiffs sought compensation for all unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and pre-judgment interest.  (*Id.* at 5.) The parties now request that the Court approve their settlement of Plaintiffs' claims. (Doc. 11.)

## II.     Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents."  *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III.    Analysis

The Agreements provide that Defendants will pay the following sums to Plaintiffs and their counsel: $5,000 to Robert Ortiz ($2,500 for unpaid wages and $2,500 for liquidated damages); $2,000 to Dauvonique Tisby ($1,000 for unpaid wages and $1,000 for liquidated damages); and $2,000 to Plaintiffs' counsel for

4

attorneys' fees and costs ($1,000 for Robert Ortiz's claim and $1,000 for Dauvonique Tisby's claim). (Doc. 11 at 8, 16; Doc. 13 at 5–6.) The parties represent that Plaintiffs' attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. (Doc. 11 at 2–3; Doc. 13 at 2, 8.)

The parties represent that the Agreements reflect a reasonable compromise of disputed issues, including primarily whether Plaintiffs were exempt independent contractors or non-exempt employees covered by the overtime provisions of the FLSA. (Doc. 11 at 1–2; Doc. 13 at 4.) The parties also disputed the scope of potential damages, the number of hours worked by Plaintiffs, and the accuracy of the subject time records. (Doc. 11 at 2; Doc. 13 at 4.) The Motion states that "the parties engaged in in-depth discussions and review of documents," and that the parties reached an agreement "[a]fter careful review and analysis of relevant documents and information, including but not limited to records exchanged during litigation." (Doc. 11 at 2.)

Plaintiffs initially estimated that Robert Ortiz was owed $8,580 for unpaid wages plus liquidated damages, and that Dauvonique Tisby was owed $3,600 for unpaid wages plus liquidated damages. (Doc. 13 at 5.) However, in light of the aforementioned disputes, Plaintiffs appear to be receiving a reasonable recovery. Additionally, Plaintiffs are represented by attorneys. Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's

5

overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorneys' fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of attorneys' fees and costs to be paid to their counsel. *See King*, 2007 WL 737575, at *4.

As noted above, Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. (Doc. 11 at 2–3; Doc. 13 at 2, 8.) Additionally, there is no reason to believe Plaintiffs' recovery was adversely affected by the agreed-upon fees and costs. The amount of $2,000 for fees and costs appears reasonable on its face, and it appears that counsel are being adequately compensated for their work. Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.[3]

Therefore, it is respectfully **RECOMMENDED** that:

1.    The Motion (**Doc. 11**) be **GRANTED**.

2.    The Settlement Agreements and FLSA Releases (**Doc. 11 at 6–20**) be

---

[3] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

**APPROVED**.

    3.    This action be **DISMISSED with prejudice**.

    4.    The Clerk of Court be directed to terminate any pending motions and

close the file.

    **DONE AND ENTERED** at Jacksonville, Florida, on June 26, 2019.


JOEL B. TOOMEY
United States Magistrate Judge



Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record